UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS THOERIG, | ) | CASE NO. 5:22-cv-1565 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TIFFANY LIGHTFOOT, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Douglas Thoerig ("Thoerig" or "plaintiff") has filed this *in forma pauperis* action against Parole Services Supervisor Tiffany Lightfoot, the Ohio Adult Parole Authority ("APA"), APA Officer Ashley DiMarco, and Ohio Department of Rehabilitation and Corrections Director Annette Chambers-Smith. (Doc. No. 1, Complaint.) For the following reasons, this action is dismissed.

**I. Background**

On July 19, 2022, Thoerig filed a civil rights complaint under 42 U.S.C. § 1983 in this Court against Ohio Department of Rehabilitation and Corrections Director Annette Chambers-Smith, Ohio Adult Parole Authority Chief Hearing Officer Michael Anderson, and Lorain Correctional Institution Warden Jennifer Gillece-Black, challenging his post release control. Plaintiff alleged that he and other prisoners were being illegally subjected to post release control in connection with their sentences, and he asked that his post release control be "vacated." *See Thoerig v. Chambers-Smith*, No. 1:22-cv-1272, 2022 WL 15522985 (N.D. Ohio Oct. 27, 2022)

("*Thoerig I*"). The Court dismissed the action, concluding that Thoerig's sole remedy for seeking a speedier release from imprisonment is a writ of habeas corpus and, to the extent plaintiff sought damages, his action was barred by *Heck v. Humphrey*.[1] *Id.*

On September 6, 2022, Thoerig filed this complaint, alleging once again that he is being illegally subjected to post release control. Plaintiff also alleges that Parole Services Supervisor Tiffany Lightfoot "signed my signature to obtain my medical and mental health records" and APA Officer Ashley DiMarco contacted his friends in order to "spy" on him and gather information to use against him. (Doc. No. 1-2, Statement of claim, at 2, 4.[2]) Finally, Theorig alleges that law enforcement officers damaged his parents' home and removed a coin collection during a search. (*Id.* at 2.)

Thoerig indicates that this case is related to *Thoerig I*, which was pending at the time he filed this present action. (*See* Doc. No. 1-1, Civil Cover Sheet, § VIII.) Plaintiff now seeks termination of his post release control and $400,000 in damages for his lost wages and the destruction to his parents' home, as well as the return of items allegedly taken by law enforcement during the search of his parents' home.

---

[1] To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, a plaintiff must first show that the conviction or sentence at issue has already been reversed on direct appeal or called into question by a court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The Court in *Thoerig I* held that Plaintiff did not allege or demonstrate that his sentence had been reversed or called into question in any way as articulated by *Heck* and, therefore, he failed to state a cognizable claim.

[2] Any page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

## I. Discussion

### A. Standard of Review

By separate order, the Court has granted this *pro se* Thoerig's motion to proceed *in forma pauperis* (Doc. No. 2.) Accordingly, because plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me

3

accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998).

### B. Analysis

As an initial matter, a party may plead and conduct his or her case personally or through a licensed attorney. *See* 28 U.S.C. § 1654. But a *pro se* litigant may not represent anyone other than himself or herself. *See e.g.*, *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a nonlawyer."); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself." (quotes and citation omitted)); *see also Jackson v. Kment*, No. 13-cv-10819, 2016 WL 1042538, at *7 (E.D. Mich. Mar. 16, 2016) (finding plaintiff lacks standing to seek injunctive relief on behalf of "his friends and family members[]"). An adult litigant who wishes to proceed *pro se* must personally sign the complaint or petition to invoke the Court's jurisdiction. *Steelman v. Thomas*, 848 F.2d 194 (6th Cir. 1988) (Table; text in Westlaw); *Banks v. Valaluka*, No. 1:15-cv-1935, 2015 WL 7430077, *3 (N.D. Ohio Nov. 18, 2015) (citing 28 U.S.C. § 1654).

Here, the complaint attempts to raise claims on behalf of Thoerig's parents, alleging destruction and theft of their property. Upon review, the Court finds that only plaintiff Douglas Thoerig signed the complaint. The Court is therefore without jurisdiction to hear the claims of plaintiff's parents. And there is no indication from the complaint that plaintiff is a licensed

attorney. Plaintiff therefore lacks standing to seek relief on behalf of his parents. Accordingly, the Court will address only Thoerig's own claims.

Upon review, the Court finds that plaintiff's complaint must be dismissed. To the extent that Thoerig challenges his post release control in connection with his sentence, the present action is duplicative of *Thoerig I* and is, therefore, barred by res judicata. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*. at 660–61. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.

This is Theorig's second case filed in this Court asserting that he has been illegally subjected to post release control. He is therefore barred by the doctrine of res judicata from re-litigating this action.

Even if plaintiff's claims are not barred by res judicata, his complaint would still be subject to dismissal under § 1915(e) for the same reasons as the prior action. When a plaintiff is challenging the validity of his conviction or sentence, and the relief he seeks is immediate or speedier release, he must seek habeas corpus relief under 28 U.S.C. § 2254 rather than relief in a

§ 1983 civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Because Thoerig is challenging the post release control portion of his sentence and is seeking to have that portion of his sentence terminated, his sole federal remedy is a writ of habeas corpus. *See, e.g., Williams v. Ohio*, No.1:21-cv-1018, 2021 WL 4060383, at *2 (N.D. Ohio Sept. 7, 2021) (dismissing civil rights complaint brought by Ohio prisoner seeking release from post release control portion of his sentence).

Additionally, to the extent Thoerig is attempting to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, he must first show that the conviction or sentence at issue has already been reversed on direct appeal or called into question by a court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486. Here, plaintiff's action seeks to invalidate a portion of his sentence, but he has not alleged or demonstrated that the sentence has been reversed or called into question in any way as articulated in *Heck*. Plaintiff has therefore failed to state a cognizable civil rights claim.

Finally, Thoerig contends that Lightfoot "electronically signed my signature to obtain my medical and mental health records" (Doc. No. 1-1, at 2), and that DiMarco contacted plaintiff's friends in order to "spy" on him and gather information to use against him (*id*., at 4). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520–21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Col. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). "[T]he complaint must give the defendant[s] fair notice of what the

plaintiff's claim is and the grounds upon which it rests." *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996) (quotes and citation omitted).

Here, Thoerig fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard. Although plaintiff provides factual allegations, his pleading fails to identify any legal claim he seeks to assert against Lightfoot and DiMarco. A court would exceed its role if it were to construct claims for a litigant and then proceed to test whether the asserted facts fit that claim or claims. Because Thoerig has not identified any legal claim against these defendants, and none is apparent on the face of the complaint, he fails to meet the minimum notice pleading requirements of Fed. R. Civ. P. 8.

Plaintiff has therefore failed to state a claim upon which relief can be granted.

### III. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 17, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**